UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


## CIVIL MINUTES – GENERAL

Case No.   5:26-cv-02835-ODW-SSC          Date: June 22, 2026

Title      Ankit Kumar v. Warden, Desert View Facility, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

Teagan Snyder                                    n/a
Deputy Clerk                              Court Reporter / Recorder

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:
None Present                                  None Present

**Proceedings:   (IN CHAMBERS) Order Directing Respondent to File a Status Report**

On May 26, 2026, Petitioner Ankit Kumar filed a *pro se* petition for writ of habeas corpus by person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen who has been in immigration detention in Adelanto, California since December 11, 2025.  (*Id.* at 1–2.)

This is Petitioner's second habeas petition.  Petitioner's previous counseled petition was denied as moot because Petitioner received a post-detention bond hearing following the District Judge's order granting Petitioner's *ex parte* application for a temporary restraining order (TRO) and ordering that Respondents either release Petitioner or provide him with an individualized bond hearing before an immigration

---

CV-90 (03/15)                      Civil Minutes – General                      Page 1 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:26-cv-02835-ODW-SSC                 Date: June 22, 2026

Title      Ankit Kumar v. Warden, Desert View Facility, et al.

judge (IJ) pursuant to 8 U.S.C. § 1226(a) within seven days. *Kumar v. Santacruz*, No. 5 5:26-cv-00297-ODW-SSC, Dkt. Nos. 8, 20, 23.

Petitioner's second habeas petition confirms that, consistent with the District Judge's order granting Petitioner's TRO related to his first habeas petition, an IJ conducted an individualized bond hearing. (ECF 1 at 1.)  Respondents' answer provides that the bond hearing was held on February 2, 2026.  (ECF 8 at 2.)  The IJ's written order, which is included in the record, explained that bond was denied because Petitioner is a flight risk.  (*Id.* at 27.)

Respondents' answer also provides that "[u]nder applicable law, if Petitioner remains detained for six months (180 days), he will then be eligible for a *Rodriguez* bond hearing at which the government bears the burden of establishing he is a flight risk or a danger to the community by clear and convincing evidence."  (*Id.* at 4–5.)  Respondents note that "if [Petitioner] would like to have a *Rodriguez* bond hearing, he may request one from the Immigration Court."  (*Id.* at 3.)  No reply to the petition was received from Petitioner by the deadline.

Because Petitioner has now been detained for more than six months, the Court ORDERS Respondents to file a status report no later than June 25, 2026, addressing whether Petitioner has requested or received a *Rodriguez* bond hearing.  If a *Rodriguez* bond hearing has occurred, Respondents shall provide the result and attach a copy of the order of the Immigration Judge.  If no *Rodriguez* bond hearing has

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:26-cv-02835-ODW-SSC              Date: June 22, 2026

Title      Ankit Kumar v. Warden, Desert View Facility, et al.

occurred, Respondents should provide when it is expected to occur. Petitioner may file a response to Respondent's status report addressing the same no later than July 9, 2026.

**IT IS SO ORDERED.**

:

Initials of Preparer      **ts**